IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATASHA LOFTIS,

    Plaintiff,

v.

STATE OF OREGON; COLETTE PETERS, *Personally*; PAULA MYERS, *Personally*; ALANA BRUNS, *Personally*; LT KING, *Personally*; OFFICER DARLING, *Personally*; OFFICER DAVIS, *Personally*; OFFICER LYON, *Personally*; JOHN/JANE DOE,

    Defendants.

Case No. 3:22-cv-01261-JR

ORDER

**BAGGIO, District Judge:**

On August 25, 2025, Magistrate Judge Russo issued a non-dispositive order denying Plaintiff Loftis's Motion to Compel. Order 3, ECF No. 42. On September 9, 2025, Plaintiff filed

1 – ORDER

objections to Judge Russo's Order. Pl.'s Obj. Order, ECF No. 43. The matter is now before the Court pursuant to Federal Rule of Civil Procedure 72(a).

In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The standard of review for an order with objections is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard of review for non-dispositive motions). If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(B).

The Court has carefully considered Plaintiff's objections and conclude that they provide a basis to modify Judge Russo's Order. Accordingly, the Court declines to adopt Judge Russo's Order and reverses with instructions to grant in part Plaintiff's Motion to Compel.

## DISCUSSION

Judge Russo denied Plaintiff's Motion to Compel because Plaintiff's requests for admission posed questions previously addressed in depositions. Order 2-3. Judge Russo reasoned that "requiring simple admissions or denials after [depositions] not only goes beyond the scope of the purpose of requests for admission, but it also unnecessarily increases the time and expense in conducting discovery . . . ." *Id.* at 3. For the following reasons, the Court disagrees with Judge Russo. Accordingly, the Court finds Judge Russo's Order contrary to law and reverses it with instructions to grant in part Plaintiff's Motion to Compel.

///

2 – ORDER

I.      **Rule 36**

Rule 36 governs requests for admission. Fed. R. Civ. P. 36. "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). Under Rule 36(a)(1):

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
> (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). Within thirty days, the party to whom the request is directed must serve a written answer or objection—otherwise, it is admitted. Fed. R. Civ. P. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.*

Evasive answers, however, are treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). Evasive answers fail to "specifically deny the matter" or "set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter . . . ." *Asea, Inc.*, 669 F.2d at 1245 (internal quotation marks omitted). Further, when the answering party asserts lack of knowledge or information to admit or deny a matter, the party must also state "that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4); *see also Asea, Inc.*, 669 F.2d at 1247.

Even "if a party already has personal knowledge and/or belief regarding relevant facts, he may compel the opposing party to admit or deny such allegations, or to offer a valid reason why

3 – ORDER

the fact cannot be admitted or denied." *Diederich v. Dep't of Army*, 132 F.R.D. 614, 616 (S.D.N.Y. 1990). Thus, "[o]bjections that [a requesting party] should obtain the information by independent discovery and investigation, or that the matter is already within [the requesting party's] knowledge, are . . . misplaced." *Id.* at 617; *see also City of Rome, Georgia v. Hotels.com L.P.*, No. 4:05-CV-0249-HLM, 2012 WL 13020827, at *10 (N.D. Ga. May 8, 2012) ("It is improper for the responding party to answer a request for admission by referring to previously produced discovery materials."); *Hyundai Motor Co. v. Hyundai Tech. Grp., Inc.*, No. SA CV 23-01709-CBM (DFMX), 2024 WL 4404963, at *1 (C.D. Cal. July 3, 2024) ("Rule 36 . . . presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness." (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). For example, in *In re Heritage Bond Litigation*, 220 F.R.D. 624, 626 (C.D. Cal. 2004), the court held that the defendant's response to requests for admission "stating its answers are to be found in 'previously produced business records'" was improper. The court reasoned that by referring to "previously produced business records," the defendant "inferentially admitted it could have obtained the information to respond to [the] requests for admissions [but] chose not to do so." *Id.* at 626-27.

Here, many of Defendants' responses to Plaintiff's requests for admission are improper. For example, Defendants object to most of Plaintiff's requests as "cumulative." However, cumulative is not a proper objection, particularly considering the purpose of Rule 36. *See Asea, Inc.*, 669 F.2d at 1245 ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."); *see also Hyundai Motor Co.*, 2024 WL 4404963, at *1 ("Rule 36 . . . presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their

4 – ORDER

genuineness."); *see generally* Stevenson and Fitzgerald, *Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial* 11:2054 (The Rutter Group 2025) (listing proper objections, including privilege, irrelevance, and burden).[1]

Moreover, many of Defendants' responses refer Plaintiff to their previous deposition rather than admit or deny the matter.[2] This too is not a proper response as it fails to "specifically deny" the matter or "state in detail why [Defendants] cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Further, such a response "inferentially admit[s Defendants] could have obtained the information to respond," but chose not to. *In re Heritage Bond Litig.*, 220 F.R.D. at 627.

Judge Russo reasons that Plaintiff's requests for admission "address central issues that require significant explanation . . . ." Order 3. But to the extent Plaintiff's requests require significant explanation, Rule 36 allows an answering party to "qualify an answer or deny only a part of a matter." Fed. R. Civ. P. 36(a)(4). It is not enough for Defendants to say it's too complicated; that is evasive. Instead, an answering party must "specifically deny [the matter] or state in *detail* why [it] cannot truthfully admit or deny it." *Id.* (emphasis added). Judge Russo also reasons that Plaintiff "already had the opportunity to pose these questions during depositions and fully explore the answers and explanations . . . ." Order 3. Yet if Judge Russo's reasoning is true, depositions would theoretically eliminate the potential to serve subsequent requests for

---

[1] Defendants also object to several of Plaintiff's requests for admission as "speculative." However, nothing in Rule 36 prohibits requests for admissions that invite speculation. In fact, requests for admission may inquire into facts or opinions about facts. *See* Fed. R. Civ. P. 36(a)(1). Moreover, if an answering party is unable to admit or deny the request because it is speculative, the answering party can explain so. *See* Fed. R. Civ. P. 36(a)(4) (an answering party may "state in detail why [it] cannot truthfully admit or deny" a matter). Thus, Defendants' speculative objections are also improper.

[2] Defendants concede their "response of 'refer to the deposition'" is not an objection. Defs.' Resp. Pl.'s Mot. Compel ("Defs.' Resp.") 3, ECF No. 38. Consequently, it is an answer. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless . . . the party to whom the request is directed serves on the requesting party a written *answer or objection* . . . ." (emphasis added)).

5 – ORDER

admission. Here, the Court is not presented with Defendants' deposition transcripts; thus, the Court cannot evaluate the extent to which Plaintiff's requests for admission are duplicative of its deposition questions, nor can the Court evaluate the responsiveness of Defendants' deposition answers.

Some examples help illustrate the deficiencies of Defendants' responses. Plaintiff's Request for Admission No. 3 to Defendant Steven King asks King to "[a]dmit that on June 9, 2020, [n]othing prevented you from moving Loftis." Berman Decl. Ex. 1 ("King's Resp.") 2, ECF No. 34-1. King objects to this request as "cumulative" and states that "to the extent . . . an answer is necessary, I direct plaintiff's counsel to the deposition taken March 20, 2025." *Id.* Defendants claim this response is justified because Plaintiff's request for admission addresses "a central issue of the case" and "a simple admission or denial would not allow a complete understanding of the factors supporting the decision made at the time." Defs.' Resp. 4. Although such justification may be true, King must say so. Rule 36 specifically requires an answering party to either deny the matter or "state in detail why [it] cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). King cannot refuse to admit or deny the matter without explaining why; and referencing his deposition is not enough.

Similarly, Plaintiff's Request for Admission No. 9 to Defendant Phillip Thiel asks Thiel to "[a]dmit that [his] gait at 11:43 depicts a stroll, not a running approach." Berman Decl. Ex. 3 ("Thiel's Resp.") 3, ECF No. 34-3. Thiel objects to this request as "cumulative" and states that "to the extent . . . an answer is required, I refer plaintiff's counsel to the deposition taken on May 21, 2025 and the referenced video." *Id.* at 2-3. Defendants claim this response is justified because Plaintiff's request "requires an explanation to describe why the officer was moving at a specific rate." Defs.' Resp. 4. However, Rule 36 allows a requesting party to request the "truth of

6 – ORDER

any matters . . . relating to . . . facts . . . or opinions about [facts] . . . ." Fed. R. Civ. P. 36(a)(1). Thus, Thiel must either admit the matter, specifically deny it, or state in detail why he cannot do either. Fed. R. Civ. P. 36(a)(4). Thiel cannot simply refer to other discovery materials.

For these reasons, the Court finds Judge Russo's Order denying Plaintiff's Motion to Compel contrary to law. The Court thus reverses Judge Russo's Order with instructions to grant in part Plaintiff's Motion to Compel. Attached as Exhibit A to this Order are three tables addressing the adequacy of each of Defendants' responses to Plaintiff's requests for admission.

**II.     Rule 37**

Rule 37(a)(5) provides that if a motion for an order compelling discovery or disclosure is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). The Court "must not order this payment" if an exception applies. *Id.*

Because the Court reverses Judge Russo's Order denying Plaintiff's Motion to Compel, the Court refers Plaintiff's request for reasonable expenses under Rule 37(a)(5) back to Judge Russo with leave to refile. Plaintiff may refile her request for reasonable expenses as appropriate.

///
///
///
///
///
///
///

7 – ORDER

## CONCLUSION

The Court REVERSES Magistrate Judge Russo's Order denying Plaintiff's Motion to Compel [42] with instructions to GRANT IN PART Plaintiff's Motion to Compel [33].

IT IS SO ORDERED.

DATED this  13th  day of November, 2025.

                                                            _____
                                                                     AMY M. BAGGIO
                                                                  United States District Judge

8 – ORDER

**Exhibit A**

Defendant Steven King's Response to Plaintiff's First Request for Admission. ECF No. 34-1.

| Request for Admission | Sufficiency of Objection | Sufficiency of Answer |
|---|---|---|
| RFA No. 1 | Improper | Evasive |
| RFA No. 2 | Improper | Evasive |
| RFA No. 3 | Improper | Evasive |
| RFA No. 4 | Improper | Evasive |
| RFA No. 5 | Improper | Sufficient |
| RFA No. 6 | Improper | Evasive |
| RFA No. 7 | Improper | Sufficient |
| RFA No. 8 | Improper | Sufficient |
| RFA No. 9 | Improper | Sufficient |
| RFA No. 10 | Improper | Evasive |
| RFA No. 11 | Improper | Evasive |
| RFA No. 12 | Improper | Sufficient |
| RFA No. 13 | Improper | Evasive |
| RFA No. 14 | Improper | Evasive |

Defendant Patricia Lyon's Response to Plaintiff's First Request for Admission. ECF No. 34-2.

| Request for Admission | Sufficiency of Objection | Sufficiency of Answer |
|---|---|---|
| RFA No. 1 | Improper | Evasive |
| RFA No. 2 | Improper | Evasive |
| RFA No. 3 | Improper | Evasive |
| RFA No. 4 | Improper | Evasive |

9 – ORDER

**Exhibit A**

| Request for Admission | Sufficiency of Objection | Sufficiency of Answer |
|---|---|---|
| RFA No. 5 | Improper | Evasive |
| RFA No. 6 | Improper | Evasive |
| RFA No. 7 | Improper | Evasive |
| RFA No. 8 | Improper | Sufficient |
| RFA No. 9 | Improper | Sufficient |
| RFA No. 10 | Improper | Sufficient |
| RFA No. 11 | Improper | Evasive |

Defendant Phillip Thiel's Response to Plaintiff's First Request for Admission. ECF No. 34-3.

| Request for Admission | Sufficiency of Objection | Sufficiency of Answer |
|---|---|---|
| RFA No. 1 | Improper | Sufficient |
| RFA No. 2 | Improper | Sufficient |
| RFA No. 3 | Improper | Sufficient |
| RFA No. 4 | Improper | Evasive |
| RFA No. 5 | Improper | Evasive |
| RFA No. 6 | Improper | Evasive |
| RFA No. 7 | Improper | Evasive |
| RFA No. 8 | Improper | Evasive |
| RFA No. 9 | Improper | Evasive |
| RFA No. 10 | Improper | Evasive |
| RFA No. 11 | Improper | Evasive |
| RFA No. 12 | Improper | Evasive |
| RFA No. 13 | Improper | Sufficient |

10 – ORDER

**Exhibit A**

| RFA No. 14 | Improper | Sufficient |
|---|---|---|
| RFA No. 15 | Improper | Sufficient |
| RFA No. 16 | Improper | Sufficient |
| RFA No. 17 | Improper | Sufficient |
| RFA No. 18 | Improper | Evasive |
| RFA No. 19 | Improper | Evasive |

11 – ORDER